FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2014 JUL 16 A 9:20

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| DYNCORP INTERNATIONAL LLC,<br>1700 Old Meadow Road<br>McLean, VA 22102<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE INSURANCE COMPANY OF THE<br>STATE OF PENNSYLVANIA<br><br>SERVE:<br><br>Corporation Service Company<br>Registered Agent<br>1111 East Main Street, 16th Floor<br>Richmond, Virginia 23219<br><br>　　　　Defendant. | Civil Action No. 1:14-cv-00889<br>(CMH/JFA)<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action for declaratory judgment, breach of contract, and bad faith arising from the refusal of Defendant, The Insurance Company Of The State Of Pennsylvania ("ICSOP"), a member of the AIG group of companies, to honor its obligations under the insurance policies that it sold to Plaintiff, DynCorp International LLC ("DI"). Pursuant to Fed. R. Civ. P. 8, DI, by counsel, alleges as follows.

### THE PARTIES

1.　　DI has one member, which is DynCorp International, Inc. ("DI, Inc.") DI, Inc. is a Delaware corporation with its principal place of business in McLean, Virginia.

2.　　ICSOP is a Pennsylvania corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The Court may permissibly exercise personal jurisdiction over ICSOP because it regularly transacts business in the Commonwealth of Virginia and maintains a registered agent here.

5. Venue of this action is proper pursuant to 28 U.S.C. § 1391(b)(3) because this is a judicial district where ICSOP is subject to the Court's personal jurisdiction with respect to this action.

## FACTS

### The Underlying Action

6. On or about December 28, 2011, the Akwa Ibom State, Nigeria, filed a request for arbitration against DI alleging DI's liability for damages in connection with the design and building of an airport (the "Underlying Action"). See Request for Arbitration, attached hereto as Exhibit A, ¶ 1.

7. The Request for Arbitration alleges in part that "[DI] caused and/or allowed substandard and/or defective construction of the project, and ignored recommendations and specifications made by subcontractors, which conduct was grossly negligent, willful, and/or intentionally wrongful." Id. at ¶ 8.

8. The Request for Arbitration further alleges that as a result of DI's purported conduct, Akwa Ibom incurred damages "estimated to exceed $150 million in direct and non-financial losses and property destruction". Id. at ¶¶ 1, 2.

48425271.1

9. On July 23, 2012, Akwa Ibom submitted an Amended Request for Arbitration. See Amended Request for Arbitration, attached hereto as <u>Exhibit B</u>.

10. DI has denied all liability in the Underlying Action and is actively defending it.

### ICSOP's Wrongful Refusal to Acknowledge Coverage for the Underlying Action

11. ICSOP sold DI three foreign commercial general liability ("CGL") insurance policies for the policy periods: (1) February 11, 2006 to February 11, 2007; (2) February 11, 2007 to February 11, 2008; and (3) April 1, 2008 to April 1, 2009 (collectively "the Policies"). See Policies, attached hereto as <u>Exhibits C-E</u>. The Policies were delivered to DI at its offices located in Irving, Texas. <u>Id.</u>

12. The Policies generally provide that ICSOP "will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage." See Policies, § 1.

13. The Policies further provide that ICSOP "will defend [DI] against any suit seeking ... damages" "because of bodily injury or property damage." <u>Id.</u>

14. In January of 2012, DI provided notice to ICSOP of the Underlying Action.

15. On March 13, 2012 ICSOP denied coverage for the Underlying Action, including any duty to defend, claiming that the Request for Arbitration does not allege "property damage" and that various policy exclusions precluded coverage.

16. DI thereafter repeatedly explained to ICSOP that no exclusions applied and that the Underlying Action alleged property damage, allegations of property damage which had also been repeatedly asserted in subsequent pleadings. Despite the fact that ICSOP clearly

48425271.1

has a duty to defend the Underlying Actions, however, ICSOP has correctly continued to refuse to provide coverage.

17. As a result of ICSOP's refusal to honor its duty to defend, to date DI has been forced to incur in excess of $4 million in attorneys' fees and costs defending the Underlying Action.

## COUNT I:
## DECLARATORY JUDGMENT

18. DI repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

19. DI seeks a declaration pursuant to 28 U.S.C. § 2201 that under the Policies ICSOP is obligated to defend and indemnify DI for the Underlying Action.

20. An actual and justifiable controversy exists between the parties concerning this issue.

21. A declaration of the parties' rights and obligations under the Policies will serve to resolve this dispute between the parties.

## COUNT II:
## BREACH OF CONTRACT

22. DI repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23. A valid contract exists between DI and ICSOP in the form of the Policies.

24. DI timely paid all premiums due under the Policies and materially performed its obligations under the Policies.

25. The Underlying Action triggers the Policies and no provision of the Policies excludes coverage.

48425271.1

26. ICSOP has breached the Policies by denying coverage.

27. DI has sustained damages as a result of ICSOP's breach, including but not limited to the ongoing attorneys' fees and costs incurred in defending the Underlying Action.

## COUNT III:
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

28. DI repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. ICSOP's duty of good faith and fair dealing to DI is implied by law in the insurance policies sold to DI and is implied by the insurance relationship between DI and ICSOP.

30. Among other things, the covenant of good faith and fair dealing obligates ICSOP to refrain from taking any action which would deprive DI of the benefits of the Policies or causing undue hardship or harm to DI.

31. The covenant of good faith and fair dealing prohibits an insurance company from inadequately investigating a policyholder's claims and using spurious grounds to deny or reduce insurance coverage.

32. ICSOP knew or should have known that the Policies provide coverage for the Underlying Action, including a duty to defend. Despite DI repeatedly presenting ICSOP with facts demonstrating coverage under the Policies and requesting that ICSOP reconsider its wrongful denial, ICSOP has failed to honor its obligation to treat DI's claim for insurance coverage fairly and in good faith.

33. ICSOP has breached its duty of good faith and fair dealing by, among other things, failing adequately and in good faith to investigate DI's claim for insurance coverage and failing to acknowledge its duty to defend.

48425271.1

34. As a result of ICSOP's breach of its duty of good faith and fair dealing, DI has suffered actual and consequential damages in an amount to be determined at trial.

## COUNT IV:
## BAD FAITH VIOLATION OF TEXAS INSURANCE CODE § 541.060

35. DI repeats and realleges paragraphs 1 through 34 as if fully set forth herein.

36. In violation of 72 Tex. Ins. Code § 541.060, ICSOP has failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of an insurance claim with respect to which ICSOP's liability has become reasonably clear.

37. ICSOP has wrongfully refused to promptly pay a defense benefit owed to DI.

38. ICSOP knew or should have known it was reasonably clear the insurance claim was covered.

39. Accordingly, DI is entitled to recover actual damages, court costs, attorneys' fees, and up to three times actual damages for unfair settlement practices.

WHEREFORE, DI is entitled to:

A. A declaratory judgment that ICSOP has a duty to defend DI in the Underlying Action;

B. A declaratory judgment that ICSOP must indemnify DI for the Underlying Action;

C. Compensatory damages;

D. Consequential damages;

E. Treble Damages pursuant to 72 Tex. Ins. Code § 541.060 *et seq*;

48425271.1

  F. Attorneys' fees, including, but not limited to, attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 37.009 *et seq.* and 72 Tex. Ins. Code § 541.060 *et seq.*

  G. Costs;

  H. Pre-judgment and post-judgment interest; and

  I. Such additional relief as this Court deems just and appropriate.

    Respectfully submitted,

    DYNCORP INTERNATIONAL LLC
    By Counsel

48425271.1

Dated: July 15, 2014

POLSINELLI, PC

_/s/ GE Kostel_

George E. Kostel, Esq.
VSB# 34757
1401 Eye Street, N.W.
Suite 800
Washington, DC 20005
Telephone: (202) 626-8316
Facsimile: (202) 379-7672
gkostel@polsinelli.com

OF COUNSEL:

    Finley T. Harckham
    Alexander D. Hardiman
    ANDERSON KILL P.C.
    1251 Avenue of the Americas
    New York, NY 10020

*Counsel for Plaintiff DynCorp International LLC*